UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re: Roy W. Metheny | Case No.  05 B 70584 |
| Debtor | |
| | Chapter 13 |

## MEMORANDUM OPINION DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND SETTING THE TRUSTEE'S MOTION TO DISMISS FOR FURTHER STATUS

This matter is before the Court on the Motion to Dismiss brought by Lydia S. Meyer, the Standing Chapter 13 Trustee (the "Trustee"). The Trustee is represented by Attorney Kathleen A. McCallister. The debtor, Roy W. Metheny (the "Debtor"), is represented by Attorney William L. Balsley.

### JURISDICTION

This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

### NATURE OF CASE

The Debtor filed a Chapter 13 petition on February 15, 2005. The Debtor's schedules list a $20,000 priority debt owed to the Internal Revenue Service (the "IRS"). Paragraph G of the proposed Chapter 13 Plan provides: "Debtor will make direct payments as required by IRS on IRS claim for taxes; IRS is currently not requiring periodic payments because of Debtor's inability to pay." The Debtor admits that, assuming he is responsible for the full amount of the taxes owed by his corporation, "it would not be feasible for him to propose a Plan providing for full payment of the tax

claims in equal installments over a period of 60 months." (Mem. in Supp. of Debtor's Resp. to Trustee's Mot. for Dismissal at 1.) The Debtor proposes to make 36 monthly payments of $375. The IRS filed a proof of claim in the amount of $21,190. (Claim #2.) The Trustee brought this Motion to Dismiss because the priority debt will not be paid by the Trustee or the Debtor. The Trustee asserts that the Plan cannot be confirmed because it does not comply with 11 U.S.C. § 1322(a)(2). The Debtor asserts that payments "as required by the IRS" satisfies the requirement of § 1322(a)(2).

## DISCUSSION

Section 1322(a)(2) provides: "The plan shall – (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." Both parties cite the Seventh Circuit Court's decision rendered in *In re Escobedo*, 28 F.3d 34 (7th Cir. 1994) which holds that priority debts must be provided for in a Chapter 13 plan. The Debtor further cites *In re Slaughter*, 188 B.R. 29 (Bankr. D.N.D. 1995), for support that the provision for direct payment to the IRS can be allowed.

In *Escobedo*, the debtor's Chapter 13 plan was confirmed after all creditors, including the taxing authorities, received notice. The plan did not provide for full payment of the priority tax claims. The Court held that the confirmation of the plan "was nugatory and properly dismissed" due to the failure of the plan to comply with § 1322(a)(2) *Id.* at 35. The Court explained that the requirements of § 1322(a)(2) are mandatory, as opposed to discretionary. *Id.* (citing *In re Szostek*, 886 F.2d 1405 (3d Cir. 1989) and *In re Chappell*, 984 F2d 775 (7th Cir. 1993)). The Court stated that "Any

2

plan lacking the requirements of § 1322(a)(2) (full payment of priority claims) cannot be confirmed without the claim holder's consent." *Id.* (citing *Ekeke v. U.S.*, 133 B.R. 450 (S.D. Ill. 1991); *In re Driscoll*, 57 B.R. 322 (W.D. Wisc. 1986); *U.S. v. Reynolds*, 38 B.R. 725 (W.D. Va. 1984) *aff'd* 764 F.2d 1004 (4th Cir. 1985) and *In re Esser*, 22 B.R. 814 (E.D. Mich. 1982)).

The Debtor asserts that the language "as required by the IRS" complies with the requirement of § 1322(a)(2). In addition, the Debtor's Plan states that the IRS is not requiring periodic payments at this time. While the IRS may, in fact, not require the Debtor to make periodic payments at this time, that cannot amount to "consent" to treat its claim differently. This Court adopts the holding of *In re Northrup*, 141 B.R. 171 (N.D. Iowa 1991), that "an express affirmation of consent" is required to comply with the § 1322(a)(2) provision for agreement for different treatment. Simply failing to object to confirmation is not enough. *See Id.* at 173.

There is no evidence that the IRS consents to the treatment of their claim as provided for in their Chapter 13 Plan. Therefore, confirmation of this plan will be denied. The Debtor will be given an opportunity to propose another Chapter 13 Plan with written consent of the IRS appended to the same.

## CONCLUSION

A plan that does not provide for full payment of priority claims cannot be confirmed without written consent of the claim holder. Therefore, confirmation of the

3

plan is denied. This matter is set for status on July 8, 2005, at 9:00 a.m.

Dated: June 9, 2005

/s/ Manuel Barbosa
MANUEL BARBOSA
United States Bankruptcy Judge